UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY SAM LADD,

    Plaintiff,

v.                                    Case No. 3:26cv533-TKW-HTC

ESCAMBIA COUNTY JAIL,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Anthony Sam Ladd, a prisoner at Columbia Correctional Institution Annex proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983 concerning the conditions of his confinement while he was at the Escambia County Jail. Doc. 1. After reviewing Ladd's complaint and litigation history, the undersigned recommends this case be dismissed without prejudice because Ladd failed to truthfully disclose his litigation history.

Section VIII.A. of the complaint form, titled "PRIOR LITIGATION," asks Ladd to identify any federal cases he previously filed which were dismissed prior to service or for failure to state a claim. *See* Doc. 1 at 9. The form specifically advised Ladd to "err on the side of caution" and warned him that a failure to disclose "all prior state and federal cases" "may result in a dismissal of this case." *Id.* Although Ladd disclosed three cases, based on an independent investigation, the Court takes

judicial notice of the following cases filed by Ladd, which were dismissed for failure to state a claim[1]: *Ladd v. Net Spend*, 3:19-cv-04820-LC-HTC (N.D. Fla. Feb. 28, 2020) (dismissed for failure to state a claim)[2] and *Ladd v. Clarence Mitchell Courthouse, et al.,* 1:20-cv-491-CCB (D. Md. 2020) (dismissed for failure to state a claim). Ladd failed to disclose these cases in response to Question VIII.A.[3]

Despite these omissions, Ladd signed the complaint "under penalty of perjury, that all of the information stated above and included on or with this form, ***including my litigation history***, is true and correct." *Id.* at 12-13. District courts have the inherent power to dismiss a suit based on a plaintiff's failure to truthfully disclose his litigation history. *See McNair v. Johnson*, 143 F.4th 1301, 1308 (11th Cir. 2025). As one judge in this District has stated, "[i]f the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete

---

[1] This is not intended to be an exhaustive list of unidentified cases because the failure to truthfully disclose even one case can, and generally does, result in a dismissal.

[2] Although the undersigned is not recommending it, the Court could dismiss this action as malicious because the Court previously dismissed a prior case Plaintiff filed for failure to truthfully disclose his litigation history and told him he had not disclosed this exact case and that it should have been disclosed under Section VIII.A. *See Ladd v. Abed*, 3:25-cv-462-LC-ZCB.

[3] Although Ladd did identify a case against "Net Spend" in response to Question III.B., which asks if plaintiff had filed other lawsuits dealing with the same facts and issues, each question on the complaint form serves a different purpose and inclusion of a case in response to one question does not eliminate the plaintiff's responsibility to identify the case in response to all applicable questions. *See Jacobs v. Comerford*, 2013 WL 6184052 at *4 (N.D. Fla. Nov. 25, 2013). Regardless, Ladd stated the disposition of the "Net Spend" case was unknown, even though he had just received an order from Judge Bolitho identifying the case number and the nature of its disposition. *Id.*

Case No. 3:26cv533-TKW-HTC

information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch, et al.*, No. 4:19cv191-RH-HTC, Doc. 52 at 1–2 (N.D. Fla. June 7, 2020).

Accordingly, it is RECOMMENDED:

1.   That this case be DISMISSED WITHOUT PREJUDICE under this Court's inherent power for Plaintiff's failure to truthfully disclose his litigation history.

2.   That the clerk be directed to close the file.

At Pensacola, Florida, this 13th day of February, 2026.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.